UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Hello Nostrand LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 24-22192 (SHL) |
| Hello Nostrand LLC,<br><br>        Debtor-Plaintiff,<br><br>  -against-<br><br>"John Doe 1 through 30" and "Jane Doe 1 through 30", being the unknown occupants of apartments 500, 501, 503, 507, 602, 603, 610 and other apartment units located at 21 East 29th Street, Brooklyn, New York,<br><br>        Defendants. | Adv. Proc. No. [_____] (SHL) |

**DEBTOR'S COMPLAINT FOR POSSESSION OF**
**UNLAWFULLY OCCUPIED APARTMENTS**

Hello Nostrand LLC, the debtor and plaintiff herein (the "Debtor"), by and through its attorneys, Goldberg Weprin Finkel Goldstein LLP, as and for this complaint (the "Complaint") against the defendants identified above (the "Defendants"), respectfully avers as follows:

**NATURE OF THE ACTION**

1.      This is an adversary proceeding brought by the Debtor in relation to its properties located at 21 East 29th Street, Brooklyn, New York and 1580 Nostrand Avenue, Brooklyn, New York (collectively, the "Property") seeking entry of a judgment (i) for turnover of any and all apartment units (collectively, the "Unlawfully Occupied Apartments") located at the Property, including but not limited to apartments 500, 501, 503, 507, 602, 603 and 610, occupied by unknown squatters (the "Defendants"), (ii) declaring the Debtor is entitled to exclusive possession

of the Unlawfully Occupied Apartments and the Defendants hold no right or interest in the Property, (iii) granting injunctions against the Defendants from entering, occupying or otherwise trespassing on the Property, and (iv) issuing Warrants of Eviction with enforcement to be conducted by the appropriate city, state or federal agency.

2.    The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) as it is a core bankruptcy matter pursuant to 28 U.S.C. §§ 157 (b)(2)(A), (E), (N) and (O) concerning the respective rights of the parties based upon the turnover for the Debtor's Property pursuant to 11 U.S.C. § 542(a) and the sale of the Debtor's Property under 11 U.S.C. § 363(f) free and clear of all Defendants interests.

## PARTIES

3.    Plaintiff-Debtor is a limited liability company formed under the laws of New York, with a principal place of business at 17 Tokay Lane, Monsey, New York 10952-1702. The Debtor has the requisite power and authority to bring this adversary proceeding as a debtor-in-possession pursuant to 11 U.S.C. 323, 1107 and 1108.

4.    Defendants[1] are unknown squatters unlawfully occupying the Property.

## BACKGROUND FACTS

5.    The Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") on March 8, 2024, in accordance with the restructuring agreement (the "Restructuring Agreement") previously entered into by the Debtor and its senior lender, 1580 Nostrand Ave 2 LLC (the "Senior Lender").

---

[1] Named Defendants "John Doe 1 through 30" and "Jane Doe 1 through 30" are fictitious names comprised of any and all persons that are occupying the Property and whose names are unknown to the Debtor. The Debtor has conducted a reasonable investigation to determine the actual names of such Defendants without success.

6. As of the commencement of this Chapter 11 case, the Debtor was and is the lawful owner of the Property, which is its primary asset. The Property is a 93-unit residential apartment building with a current estimated value of approximately $60 million with the opportunity for increased value once operations have improved.

7. Prior to the commencement of this Chapter 11 case, Debtor was embroiled in foreclosure litigation for several years due to defaults with respect to a series of consolidated mortgage loans related to the Property. Ultimately, the Debtor and its Senior Lender reached a compromise memorialized by the Restructuring Agreement, which contemplated the Debtor commencing this Chapter 11 case and filing its plan of reorganization [ECF No. 34] (the "Plan") providing for the coordinated sale of the Property at auction.

8. The goal of the Plan is to pursue a robust sale process while recognizing, *inter alia*, the Senior Lender's credit bid rights as well as approximately 31 disputed mechanic's liens and establishing a general creditor reserve for a *pro rata* distribution to unsecured creditors.

9. Problematically, the Defendants are blocking a robust sale process due to their unlawful squatting at the Property without any valid leasehold, occupancy or possessory rights or any other legal right or entitlement. The Defendants' unlawful squatting at the Property will deter potential bidders and prevent the auction of the Property from maximizing value to the Debtor's estate and its creditors.

10. Upon information and belief, some of the Defendants may have entered into fraudulent, verbal agreements with the Debtor's prior management company to occupy certain apartments for cash payments. However, the Defendants have not entered into a formal, written lease or any other agreement with the Debtor granting them a valid right or interest in the Property or any apartment therein.

**FIRST CLAIM OF RELIEF AGAINST THE DEFENDANTS**

11. Debtor incorporates and restates all the preceding paragraphs as if set forth at length herein.

12. The Unlawfully Occupied Apartments constitute valuable property of the Debtor's estate pursuant to Section 541 of the Bankruptcy Code, which defines "property of the estate" to include, *inter alia*, all legal or equitable interests of the debtor in property as of the commencement of the case . . . wherever located and by whomever held."  11 U.S.C. § 541(a).

13. Section 542(a) of the Bankruptcy Code mandates that "[a]n entity, other than a custodian, in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

14. Accordingly, the Debtor is entitled to entry of judgment directing Defendants turnover possession of the Unlawfully Occupied Apartments pursuant to Sections 105(a), 541(a) and 542(a) of the Bankruptcy Code.

**SECOND CLAIM OF RELIEF AGAINST THE DEFENDANTS**

15. Debtor incorporates and restates all the preceding paragraphs as if set forth at length herein.

16. In New York, "the essence of trespass is the invasion of a person's interest in the exclusive possession of land." *Zimmerman v. Carmack*, 292 AD2d 601, 602 (2d Dept 2002); *see also* NY Penal Law § 140.05 ("a person is guilty of trespass when he or she knowingly enters or remains unlawfully in or upon premises").

17. Accordingly, the Debtor is entitled to the entry of a judgment finding the Defendants are trespassing on the Property and the issuance of a Warrant of Eviction to be conducted by the appropriate city, state or federal agency.

### THIRD CLAIM OF RELIEF AGAINST THE DEFENDANTS

18. Debtor incorporates and restates all the preceding paragraphs as if set forth at length herein.

19. The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declarations shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a). "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and a hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.

20. Accordingly, the Debtor is entitled to (i) the entry of a judgment declaring the Debtor has exclusive right of possession to the Unlawfully Occupied Apartments, the Defendants have no occupancy, possessory or leasehold rights in the Property or any apartment thereof and therefore have no right to remain at the Property, and (ii) the issuance of a Warrant of Eviction to be conducted by the appropriate city, state or federal agency.

### FOURTH CLAIM OF RELIEF AGAINST THE DEFENDANTS

21. Debtor incorporates and restates all the preceding paragraphs as if set forth at length herein.

22. Injunctions may be issued in adversary proceedings pursuant to Section 105(a) of the Bankruptcy Code and Rule 7065 of the Federal Rules of Bankruptcy Procedure. "A party seeking a preliminary injunction must generally show a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest." *Am. Civil Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015); *see also New York ex rel. Spitzer v. Operation Rescue Nat'l*, 273 F.3d 184, 193 (2d Cir. 2001) (acknowledging standard applies to trespass claim); *see also Arcamone-Makinano v Britton Prop., Inc.*, 83 AD3d 623, 624 (2d Dep't 2011) (for a preliminary injunction under New York law, "a movant must establish (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor").

23. The Debtor has shown it's likelihood of success on the merits of (i) its turnover claim under Section 542(a) of the Bankruptcy Code by establishing its entitlement to the exclusive possession of the Unlawfully Occupied Apartments, (ii) its trespass claim by establishing that the Defendants have invaded upon the Debtor's exclusive interest in the Property by unlawfully remaining on the Property in violation of New York trespass laws, and (iii) its request for declaratory relief under 28 U.S.C. §§ 2201-02 by establishing there is an actual case or controversy with regard to the possession of the Debtor's Property, which is within the Bankruptcy Court's jurisdiction, and for which the Debtor is entitled to exclusive possession.

24. If the Defendants are not evicted from the Property, the Debtor's estate and its creditor constituencies will be irreparably harmed by a severe reduction in the Property's marketability, which is the primary asset funding Debtor's plan of reorganization. The Debtor's

estate will be further harmed by any damage caused to the Property by the Defendants during their unlawful occupancy.

25. The Defendants are squatters unlawfully trespassing on the Debtor's Property in violation of New York Penal law. When weighing the Defendants' continuing criminal activity against the successful (and lawful) reorganization of the Debtor under Chapter 11, the balance of equities must be in favor of the Debtor's reorganization. Likewise, injunctions against the Defendants' unlawful trespassing, which in turn supports Debtor's lawful reorganization, serves public interest.

26. Accordingly, Debtor is entitled to (i) injunctions against the Defendants barring them from entering, occupying or otherwise trespassing on the Property, and (ii) the issuance of Warrants of Eviction to be conducted by the appropriate city, state or federal agency.

WHEREFORE, the Debtor prays for as follows:

a. on the first cause of action, entry of judgment directing Defendants turnover possession of the Unlawfully Occupied Apartments pursuant to Sections 105(a), 541(a) and 542(a) of the Bankruptcy Code;

b. on the second cause of action, entry of a judgment finding the Defendants are trespassing on the Property and issuance of Warrants of Eviction to be conducted by the appropriate city, state or federal agency;

c. on the third cause of action, entry of a judgment declaring the Debtor has exclusive right of possession to the Unlawfully Occupied Apartments, the Defendants have no occupancy, possessory or leasehold rights in the Property or any apartment thereof and therefore have no right to remain at the Property, and the issuance of Warrants of Eviction to be conducted by the appropriate city, state or federal agency;

d. on the fourth cause of action, entry of injunctions against the Defendants barring them from entering, occupying or otherwise trespassing on the Property, and the issuance of Warrants of Eviction to be conducted by the appropriate city, state or federal agency; and

    e.  granting such other and further relief as is just and proper.

Dated: New York, New York
       August 19, 2024                      Goldberg Weprin Finkel Goldstein LLP
                                                   Attorneys for the Debtor
                                                   125 Park Avenue, 12th Floor
                                                   New York, NY 10017

                                                   By:    <u>/s/ J. Ted Donovan, Esq.</u>